THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHNATHAN PINNEY, ADC #173141                                                          PLAINTIFF

v.                           Case No. 5:19-cv-00229-KGB-BD

ARKANSAS DEPARTMENT OF CORRECTION, *et al.*                              DEFENDANTS

## ORDER

Before the Court is the Partial Recommended Disposition submitted by United States Magistrate Judge Beth Deere on April 3, 2020 (Dkt. No. 39). Also before the Court is the Partial Recommended Disposition submitted by Judge Deere on May 11, 2020 (Dkt. No. 51). For the reasons discussed below, the Court adopts both Partial Recommended Dispositions.

### I.      Factual And Procedural History

At the time he filed suit, plaintiff Johnathan Pinney was confined at the Ouachita River Unit of the Arkansas Department of Correction ("ADC") in Malvern, Arkansas. On July 18, 2019, Mr. Pinney, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of confinement at various ADC facilities (Dkt. No. 1). Mr. Pinney filed an amended complaint on September 16, 2019 (Dkt. No. 10). Thereafter, Mr. Pinney filed six addendums to his amended complaint (Dkt. Nos. 17, 19, 22, 24–26).

On February 18, 2020, Judge Deere screened Mr. Pinney's amended complaint and noted that his claims arise from multiple, unrelated incidents that occurred at several units of the ADC (Dkt. No. 30, at 2–3). Reasoning that "[b]undling unrelated claims in a single lawsuit can easily lead to confusion and unfair prejudice," Judge Deere informed Mr. Pinney that he could not "proceed on multiple, unrelated claims in this one lawsuit." (*Id.*, at 2). Therefore, Judge Deere

ordered Mr. Pinney to "file a second amended complaint with only claims that are factually related." (*Id.*, at 2–3).

On March 2, 2020, Mr. Pinney objected to and appealed Judge Deere's February 18, 2020, Order (Dkt. No. 32). That same day, Mr. Pinney filed a second amended complaint (Dkt. No. 33). The Court dismissed as moot Mr. Pinney's appeal on April 2, 2020 (Dkt. No. 38).

On April 1, 2020, Judge Deere denied a motion filed by Mr. Pinney entitled "motion for expedited review by Judge Baker, substituting Magistrate and ordering service on defendant/summary judgment (and joinder)" (Dkt. No. 37). On April 3, 2020, Judge Deere ordered service on Mr. Pinney's inadequate-medical-care claim against defendant Drummond (Dkt. No. 40). That same day, Judge Deere issued a Partial Recommended Disposition recommending that Mr. Pinney's claims against all defendants, with the exception of his inadequate-medical-care claim against defendant Drummond, be dismissed without prejudice (Dkt. No. 39).

On April 8, 2020, Mr. Pinney filed an objection to Judge Deere's April 1, 2020, Order and this Court's April 2, 2020, Order (Dkt. No. 41), which the Court construes as an appeal of Judge Deere's April 1, 2020, Order and a motion to reconsider this Court's April 2, 2020, Order. On April 13, 2020, Mr. Pinney filed an objection to Judge Deere's April 3, 2020, Partial Recommended Disposition and supplemented his April 8, 2020, objection (Dkt. No. 42).

On May 7, 2020, Mr. Pinney filed a request for injunctive relief (Dkt. No. 47). Thereafter, Mr. Pinney filed two additional addendums to his amended complaint (Dkt. Nos. 48, 49). On May 11, 2020, Judge Deere recommended that Mr. Pinney's motion for preliminary injunctive relief be denied, reasoning that "[t]here is no indication that Mr. Pinney is in immediate danger of irreparable harm; and, without the threat of irreparable harm, the Court cannot issue a preliminary

injunction." (Dkt. No. 51, at 2 (citing *Mid-Am. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 977 (8th Cir. 2005))).

Mr. Pinney objected to Judge Deere's May 11, 2020, Partial Recommended Disposition on May 26, 2020 (Dkt. No. 53). Mr. Pinney also submitted additional argument in support of his request for injunctive relief (Dkt. No. 57), which the Court construes as an additional objection to Judge Deere's May 11, 2020, Partial Recommended Disposition.

## II. April 3, 2020, Partial Recommended Disposition

After careful consideration of Judge Deere's April 3, 2020, Partial Recommended Disposition and Mr. Pinney's objection thereto, as well as a *de novo* review of the record, the Court finds no reason to alter or reject Judge Deere's conclusion. Specifically, the Court agrees with Judge Deere's assessment of Mr. Pinney's second amended complaint, *i.e.*, that it contains multiple, unrelated incidents and that bundling them into a single action could easily lead to confusion and unfair prejudice. Accordingly, the Court adopts the April 3, 2020, Partial Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law (Dkt. No. 39). The Court dismisses without prejudice Mr. Pinney's claims against all defendants, except for his inadequate-medical-care claim against defendant Drummond, on whom service of process has already been directed. Further, to the extent that Mr. Pinney asks the Court to reconsider its April 2, 2020, Order denying as moot Mr. Pinney's appeal of Judge Deere's February 18, 2020, Order, that request is denied as moot. Finally, to the extent that Mr. Pinney appeals Judge Deere's February 1, 2020, Order, that appeal is denied; Judge Deere did not err in denying Mr. Pinney's March 31, 2020, motion seeking Judge Deere's recusal, issuance of service of process, summary judgment, and joinder.

### III.   May 11, 2020, Partial Recommended Disposition

After careful consideration of Judge Deere's May 11, 2020, Partial Recommended Disposition and Mr. Pinney's objections thereto, as well as a *de novo* review of the record, the Court finds no reason to alter or reject Judge Deere's conclusion.  Specifically, the Court agrees with Judge Deere's finding that Mr. Pinney would *not* be irreparably harmed absent an injunction, at least on the record before the Court.  And, because one moving for preliminary injunctive relief is required to show the threat of irreparable harm, *see Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 738 (8th Cir. 1989) (en banc), this finding is fatal to Mr. Pinney's motion for preliminary injunctive relief.  Further, Mr. Pinney has not submitted any *evidence* in support of his request for preliminary injunctive relief; instead Mr. Pinney offers only *allegations*.

Accordingly, the Court adopts the May 11, 2020, Partial Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law (Dkt. No. 51).  The Court denies Mr. Pinney's request for injunctive relief (Dkt. No. 47).

### IV.   Conclusion

The Court adopts Judge Deere's April 3, 2020, Partial Recommended Disposition (Dkt. No. 39) and Judge Deere's May 11, 2020, Partial Recommended Disposition (Dkt. No. 51) in their entirety as this Court's findings of fact and conclusions of law.  The Court dismisses Mr. Pinney's claims against all defendants, except for his inadequate-medical-care claim against defendant Drummond.  Further, the Court declines to reconsider its April 2, 2020, Order, and the Court affirms Judge Deere's February 1, 2020, Order.  Finally, the Court denies Mr. Pinney's request for injunctive relief (Dkt. No. 47).

5

It is so ordered this 22nd day of January, 2021.

                                                   *Kristine G. Baker*
                                                   Kristine G. Baker
                                                   United States District Judge