THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JOHNATHAN PINNEY, ADC #173141**                                                              **PLAINTIFF**

**v.**                              **Case No. 5:19-cv-00229-KGB-BD**

**ARKANSAS DEPARTMENT OF CORRECTION,** *et al.*                          **DEFENDANTS**

**ORDER**

Before the Court is an appeal filed by plaintiff Johnathan Pinney of United States Magistrate Judge Beth Deere's discovery order compelling Mr. Pinney to respond, in part, to discovery requests propounded by defendant (Dkt. No. 74). Mr. Pinney appeals Judge Deere's September 22, 2020, Order (Dkt. No. 72). For the following reasons, the Court affirms Judge Deere's September 22, 2020, Order.

Also before the Court is the Recommended Disposition submitted by Judge Deere on November 2, 2020 (Dkt. No. 82). Mr. Pinney filed timely objections to Judge Deere's Recommended Disposition (Dkt. No. 83). Having considered Judge Deere's Recommended Disposition and Mr. Pinney's objections, and having conducted a *de novo* review of the record, for the reasons discussed below, the Court at this time will permit Mr. Pinney to comply with Judge Deere's September 22, 2020, Order and to file a written statement with the Court indicating compliance within 30 days from the entry of this Order before it determines whether to adopt or reject Judge Deere's Recommended Disposition.

**I.     Background**

Mr. Pinney, an Arkansas Division of Correction inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. In his original complaint, amended complaint, second amended complaint, and multiple addendums to his complaints, Mr. Pinney

raised a number of unrelated claims. (Dkt. Nos. 1, 10, 17, 19, 22, 24, 25, 26).  The Court dismissed Mr. Pinney's claims against all defendants, except for his inadequate-medical-care claim against Patrick Drummond (Dkt. Nos. 40, 85).

On September 18, 2020, Mr. Drummond filed a motion requesting the Court compel Mr. Pinney to sign and return the medical authorization form provided by defense counsel (Dkt. No. 70).  On September 22, 2020, Judge Deere granted Mr. Drummond's motion and ordered Mr. Pinney to respond to Mr. Drummond's discovery requests, including by providing a signed medical authorization form, within 30 days from the filing of that Order (Dkt. No. 72).  Judge Deere cautioned Mr. Pinney that "failure to comply with this order could result in the dismissal of his claims." (*Id.*).  On September 29, 2020, Mr. Pinney's response in opposition to the motion to compel was docketed (Dkt. No. 73).  On September 30, 2020, Mr. Pinney's objection to and appeal of Judge Deere's September 22, 2020, Order was docketed (Dkt. No. 74).

Mr. Pinney objected, arguing in part that any external medical forms were unnecessary and that release would violate the Health Insurance Portability and Accountability Act ("HIPPA") (Dkt. Nos. 73, 74).  After Mr. Pinney's opportunity to respond to the discovery requests passed, Mr. Drummond moved for sanctions, asking the Court to dismiss Mr. Pinney's complaint pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) (Dkt. No. 79).  On November 2, 2020, Judge Deere issued a Recommended Disposition recommending dismissal of Mr. Pinney's complaint for failure to comply with Court's September 22, 2020, Order (Dkt. Nos. 72, 82).  Mr. Pinney objects, repeating many of the same arguments made in opposition to the discovery request (Dkt. No. 83).

## II. Appeal Of Judge Deere's Order

In regard to Mr. Pinney's appeal of Judge Deere's September 22, 2020, Order, the Court must affirm the Order unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948).  The Court reviewed the motion to compel, Mr. Pinney's response to the motion, and all of Mr. Pinney's objections with respect to this discovery issue, as well as the entire record in the case.  There is no factual or legal basis on which to conclude that Judge Deere's September 22, 2020, Order was clearly erroneous or contrary to law.  Her decision is affirmed.  Mr. Pinney's legal claims put his medical condition at issue, and Mr. Drummond is entitled to the discovery Judge Deere has ordered.

### III.     Pending Recommended Disposition

After careful consideration of Judge Deere's November 2, 2020, Recommended Disposition and Mr. Pinney's objection thereto, as well as a *de novo* review of the record, the Court finds no reason to alter or reject Judge Deere's conclusion.  However, the Court acknowledges that Mr. Pinney's appeal of the September 22, 2020, Order was pending at the time the Recommended Disposition was entered.  Having rejected Mr. Pinney's appeal and having affirmed Judge Deere's ruling on the motion to compel, the Court will provide Mr. Pinney with a final opportunity to comply with Judge Deere's September 22, 2020, Order to proceed with this lawsuit.

Mr. Pinney has 30 days from the entry of this Order to produce the discovery responses and authorizations Judge Deere directed him to produce in her Order.  If Mr. Pinney does so, and confirms in a written filing with this Court that he has done so within 30 days from the entry of this Order, the Court will reject Judge Deere's Recommended Disposition, and Mr. Pinney's lawsuit may proceed.

If Mr. Pinney fails to comply with Judge Deere's September 22, 2020, Order within 30 days from the entry of this Order, the Court will by separate Order adopt Judge Deere's November

2, 2020, Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law and dismiss without prejudice Mr. Pinney's claims against Mr. Drummond.

It is so ordered this 27th day of January, 2021.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge